A'. MARTIN & CO., Appellant, v. A. LEVY et al.,
Respondents.

No. 1968; August 26, 1869.

**Appeal—Review of Findings of Fact.**—It is only when a strong case is presented that the appellate court is disposed to disturb the verdict of a jury or the findings of the court below on a question of fact.

**Fraudulent Sale—Attaching Creditors.**—In a Contest Between the seller of goods and attaching creditors of the buyer, if the proof is that the representations under which the goods were bought were grossly false and fraudulent and that the buyer had no intention ever to pay for them, the findings ought to favor the seller.

APPEAL from Ninth Judicial District, Shasta County.

J. Chadbourne for appellant; W. P. Daingerfield for respondents.

SANDERSON, J.—This is a contest between the vendors of goods and the attaching creditors of the vendees. The goods were sold to Levy & Bro. upon a credit, and subsequently attached by the creditors of the vendees as the goods of the latter. The plaintiffs reclaim the goods upon the general ground that no title passed by the sale on account of the fraud of the vendees. The case was tried by the court, and the findings were for the defendants. It comes here upon the sole question whether the findings are not against the weight of the evidence. As to the law of the case, there seems to be no controversy between counsel.

It is insisted, upon the part of the plaintiffs, that the court ought to have found that the vendees, at the time of their purchase, made false representations as to their property, business, credit and general ability to pay, by which the plaintiffs were deceived and misled, and, further, that they purchased the goods with intent not to pay for them.

It appears from the evidence that at, or about, the time the goods were sold, plaintiffs had from some cause, doubts of the solvency of Levy & Bro., and called upon them for information in respect to their business, their assets and their debts,

with the view of determining whether it would be judicious to make the sale. In response Levy & Bro. represented that for every dollar they owed they were able to pay two; that they had real estate in San Francisco, clear of encumbrance, of the value of ten thousand dollars; that they had between thirty thousand dollars, and forty thousand dollars, of capital in their business; and that they had a valuable mining interest in Shasta county, which yielded them an income of a thousand dollars per month. They spoke of their mining interest in such a manner as to leave the impression that it was, of itself, an "immense fortune." Upon these representations the plaintiffs sold their goods upon credit, and it is quite clear that if these representations were false, no title to the goods passed to Levy & Bro. by the sale: Bell v. Ellis, 33 Cal. 620.

The goods were sold on the 28th of March, 1867, and shipped to French Gulch in Shasta county, where Levy & Bro. were engaged in the mercantile business. Soon after their arrival, and before the cases containing the goods had been opened, Levy & Bro. failed. And soon thereafter all their property was attached for nearly fourteen thousand dollars. In May, 1867, all the property of Levy & Bro. in Shasta county liable to execution, which included many goods purchased about the time of the goods in question, was sold by the sheriff, and the amount realized thereby was between ten thousand dollars and eleven thousand dollars. The real estate in San Francisco, instead of being free of encumbrance, was mortgaged for nearly its full value. Their mining interests, instead of being an "immense fortune," were worth about eighteen hundred dollars, and the mine, which was represented as yielding an income of one thousand dollars per month, was sold soon after, to avoid assessments, for fifteen hundred dollars; and in addition to a large indebtedness, contracted in San Francisco, at the time these goods were bought, they were in debt to the amount of about seventeen thousand dollars.

So, instead of being able to pay two dollars for every one they owed, they owed more than they were able to pay. Instead of their real estate in San Francisco valued at ten thousand dollars being unencumbered, it was mortgaged for seven thousand six hundred dollars. Instead of having between thirty and forty thousand dollars of capital in their business,

they had not to exceed ten or eleven. Instead of an immense fortune in mines, they had about eighteen hundred dollars.

We are never disposed to disturb the verdict of a jury, or the findings of the court below upon a question of fact. Before we will set either aside, a strong case must be made against it. But, in view of the foregoing facts, we cannot escape the conclusion that the representations made by Levy & Bro. at the time they purchased these goods were false within the meaning of the law applicable to cases of this character.

Judgment and order reversed, and a new trial granted.

We concur: Sawyer, C. J.; Crockett, J.; Rhodes, J.